**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  ) | CR 09-332-PHX-FJM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| James John Scott, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant is charged with one felony count of traveling in interstate commerce and thereafter knowingly failing to register and update his sex offender registration under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq.*, in violation of 18 U.S.C. § 2250(a). He moves to dismiss the indictment on the grounds that SORNA violates the Commerce Clause of the United States Constitution. We have before us the defendant's motion to dismiss indictment (doc. 18), the government's response (doc. 24), and the defendant's reply (doc. 26).

In 1997, defendant plead guilty to two counts of sexual assault in Nevada and was sentenced to fifteen years incarceration. Defendant was released from prison in December 2006, and was thereafter required to register as a sex offender and keep his registration current for life. Defendant registered in Nevada after his release and updated his registration on December 27, 2006 and May 4, 2007. As of July 16, 2007, however, he could no longer be located at his provided address. Defendant was discovered to be living in Arizona without

registering as a sex offender or updating his Nevada registration. On March 19, 2009, defendant was arrested in Phoenix for Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a) and was indicted by a grand jury on March 25, 2009. Defendant now moves to dismiss the indictment under Rule 12(b)(3), Fed. R. Crim. P., claiming that SORNA is constitutionally defective.

**I**

SORNA was enacted by Congress on July 27, 2006 as part of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, §§ 1-155, 120 Stat. 587 (2006). The purpose of SORNA is "to protect the public from sex offenders and offenders against children" by establishing "a comprehensive national system for the registration of those offenders." 42 U.S.C. § 16901. SORNA requires that a sex offender "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."[1] 42 U.S.C. § 16913(a). A sex offender must also update his registration within three days of any change in name, residence, employment, or student status. Id. § 16913(c). SORNA's enforcement provision is codified at 18 U.S.C. § 2250, which makes it a federal crime to travel interstate and knowingly fail to register as a sex offender or update registration as required by SORNA.

Defendant claims that 42 U.S.C. § 16913 and 18 U.S.C. § 2250 are unconstitutional because Congress lacks the authority under the interstate Commerce Clause to require individuals convicted of state sex offenses to register as sex offenders.[2] We disagree. The Constitution provides Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8. The

---

[1] The parties do not dispute that defendant qualifies as a "sex offender" under SORNA.

[2] Although some courts have analyzed 42 U.S.C. § 16913 and 18 U.S.C. § 2250 separately, see United States v. Hall, 577 F. Supp. 2d 610, 622 (N.D.N.Y. 2008), we consider these statutes together because they are interrelated. Section 16913 is a necessary and proper element of Congress' regulation of sex offenders in interstate commerce under 18 U.S.C. § 2250. See United States v. Ambert, 561 F.3d 1202, 1212 (11th Cir. 2009).

1  Supreme Court has "identified three broad categories of activity that Congress may regulate
2  under its commerce power": (1) "the use of the channels of interstate commerce;" (2) "the
3  instrumentalities of interstate commerce, or persons or things in interstate commerce, even
4  though the threat may come only from intrastate activities;" and (3) "those activities having
5  a substantial relation to interstate commerce, i.e., those activities that substantially affect
6  interstate commerce." United States v. Lopez, 514 U.S. 549, 558-59, 115 S. Ct. 1624, 1629-
7  30 (1995) (internal citations omitted).

8       Section 2250 contains an express jurisdictional "hook," or "jurisdictional element
9  establishing that the federal cause of action is in pursuance of Congress' regulation of
10 interstate commerce." United States v. Morrison, 529 U.S. 598, 612, 120 S. Ct. 1740, 1751
11 (2000). For defendant to be convicted under 18 U.S.C. § 2250(a), the government will need
12 to prove that he traveled in interstate commerce. We conclude, therefore, that Section 2250
13 is a proper exercise of Congress' commerce power because it regulates persons in interstate
14 commerce.[3] See Ambert, 561 F.3d at 1211 ("[W]hen a sex offender travels from one state
15 to another, he is an instrumentality of interstate commerce, and by regulating these persons
16 in SORNA, Congress has acted under its commerce clause power to regulate an
17 instrumentality."). Moreover, although the Ninth Circuit has not yet addressed this issue,
18 every circuit that has reached the question has found 18 U.S.C. § 2250 to be a proper exercise
19 of Congress' power under the interstate Commerce Clause. See Id.; United States v. May,
20 535 F.3d 912, 921-22 (8th Cir. 2008); United States v. Hinkley, 550 F.3d 926, 939-40 (10th
21 Cir. 2008).

22      Finally, Congress' use of the interstate Commerce Clause to support Section 2250
23 does not offend principles of federalism. "Courts have consistently recognized that federal

---

[3] Although courts have recognized some ambiguity in whether the language of 18 U.S.C. § 2250(a) requires a connection between interstate travel and the failure to register as a sex offender, see United States v. Dixon, 551 F.3d 578, 582-83 (7th Cir. 2008), we need not address this issue because defendant's travel took place after his conviction giving rise to his duty to register.

statutes enacted to help states address problems that defy a local solution constitute an appropriate exercise of Congress's Commerce Clause power, because this power includes the authority 'to govern affairs which the individual states, with their limited territorial jurisdictions, are not fully capable of governing.'" United States v. Reynard, 473 F.3d 1008, 1023-24 (9th Cir. 2007) (quotation omitted). By creating a national system for the registration of sex offenders, Congress has addressed a problem that individual states are not capable of addressing on their own.

## II

Accordingly, **IT IS ORDERED DENYING** defendant's motion to dismiss the indictment (doc. 18).

DATED this 28th day of May, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge